**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**SEP 3 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

PHAP NGOC NGUYEN,

      Petitioner-Appellant,

v.

J. W. BOOKER, JR.,

      Respondent-Appellee.

No. 97-3338
(D.C. No. 97-CV-3382-RDR)
(D. Kan.)

---

**ORDER AND JUDGMENT** *

---

Before **BRORBY** , **McKAY** , and **BRISCOE** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

argument.  See Fed. R. App. P. 34(f); 10th Cir. R. 34.1.9.  The case is therefore

ordered submitted without oral argument.

---

\*    This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Petitioner Phap Ngoc Nguyen, a federal inmate proceeding pro se and in forma pauperis, filed a petition for writ of habeas corpus under 28 U.S.C. § 2241. Petitioner was indicted on first state and then federal charges in 1993. He has been transferred back and forth between state and federal custody several times to stand trial and to serve his sentences. He asserts that the Bureau of Prisons (BOP) has improperly extended his federal sentence by causing him to serve it piece-meal with state confinement. The district court interpreted petitioner's claim as one seeking credit for time served, and dismissed the petition without prejudice for failure to exhaust administrative remedies. We have jurisdiction under 28 U.S.C. § 1291.

The Attorney General, through the BOP, has long borne the responsibility for calculating presentence confinement credit toward federal offenders' sentences, first under 18 U.S.C. § 3568 (now repealed), and now under 18 U.S.C. § 3585(b). See United States v. Wilson, 503 U.S. 329, 331-35 (1992). For decades, "[f]ederal regulations have afforded prisoners administrative review of the computation of their credits, and prisoners have been able to seek judicial review of these computations after exhausting their administrative remedies." Id. at 335 (citations omitted). These are "well-established procedures," which Congress did not intend to change when it replaced § 3568 with § 3585(b). Id. at 336.

Petitioner admits that he did not exhaust his administrative remedies. It was therefore correct for the district court to dismiss his § 2241 petition without prejudice for failure to exhaust. However, the district court should not have based the dismissal on the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a). A petition challenging the execution of a sentence under 28 U.S.C. § 2241 is distinguished from a suit challenging conditions of confinement. See McIntosh v. United States Parole Comm'n, 115 F.3d 809, 811-12 (10th Cir. 1997). Petitioner's § 2241 petition does not fall within PLRA's language barring suits challenging prison conditions before administrative remedies have been exhausted. See 42 U.S.C. § 1997e(a).

The judgment of the United States District Court for the District of Kansas is AFFIRMED.

Entered for the Court

Monroe G. McKay
Circuit Judge

-3-